TAYLOR *vs.* TAYLOR.

*In the matter of the estate of* ABNER TAYLOR, *deceased.*

Contracts outstanding at the death of the intestate, for the improvement of real
estate by the erection of tenements, and only partially fulfilled, are a charge
on the personal estate, in the first instance. The contractor has a right
of action against the administrator of the deceased party ; and although the
law may give him a lien on the land, still, as between the heirs and the next
of kin, the personal estate is the fund primarily to be charged.

GEORGE CATLIN, *for Administratrix.*
W. J. STREET, *for Heirs.*

Case as agreed.

In the month of November, 1852, and in the month of
January, 1853, Abner Taylor entered into two several writ-
ten agreements with one Henry Simonson, to build for him,
the said Abner Taylor, two houses at Port Richmond, Rich-
mond County.

By the first agreement, said Taylor agreed to pay for the
house therein mentioned as follows :—$300 on the execution
of the agreement, $350 when the house should be scratch-
coated, and $500 when the building should be completed.
And $150 additional, for a barn, as follows : $50 on signing
agreement, $50 when scratch-coated, and $50 when done.

By the second agreement, the said Taylor agreed to pay
for the house therein mentioned as follows :—$300 on the
execution of the agreement, $300 when the house should be
scratch-coated, and $600 when the building should be com-
pleted.

That the said Abner Taylor paid on account of said houses
in his life time the following sums :—

On the house referred to in the first agreement, $750 ; and
on the second, $300.

That said Abner Taylor also contracted with one James
Dempster to paint one of said houses, and that the said

Dempster claimed to be due to him the sum of forty-nine dollars, of which the sum of twenty-two dollars was paid to him by the administratrix.

That said Abner Taylor died in the city of New York, in the month of March, 1853, intestate, and his widow, Susan A. Taylor, has been appointed administratrix by the Surrogate of the City and County of New York—and that neither of the houses was finished at the time of his death.

That after the death of the said Abner Taylor, Martinus S. Taylor and his wife commenced a suit in the Supreme Court, for the partition and sale of the land on which the houses above referred to were being built; and such proceedings were thereupon had that, by an order of said court, the said premises were ordered to be sold, by or under the direction of Henry B. Metcalfe, referee; and out of the proceeds of such sale the said referee was directed to pay to the above-named Henry Simonson the amount of his claim against the said houses; and also to James Dempster the amount of his claim; and also a certain mortgage, executed by said Abner Taylor, which was a lien on said premises. That in pursuance of said judgment, the said property has been sold, and out of the proceeds thereof have been paid to Henry Simonson the sum of $1141 92, and to James Dempster the sum of $27 85, in addition to the sum already paid him by the administratrix. The mortgage, amounting to about $320, has not yet been paid.

The question now arises, and for the purpose of avoiding expense and litigation, is submitted by all parties to the Surrogate, by whom are the above amounts to be paid: by the heirs at law or by the administratrix? They were paid out of the land sold in the first instance, as a matter of necessity—for being *liens*, a good title could not be given to the purchaser without paying them, but whether *ultimately* the amounts paid are to come out of the heirs at law or the personal estate of the deceased in the hands of the administratrix? In many, perhaps most cases, the question would be unimportant, but in this, there being no children, and the personal

property not exceeding four thousand dollars, it becomes a question of some consequence between the heirs and the widow.

THE SURROGATE.—At the time of the intestate's death, he had outstanding contracts for the erection of two houses, at Port Richmond, Staten Island. They were only partially constructed, and having since been finished, the question arises whether any and what part of the contract price is a charge on the personal estate.

On the death of an intestate, his lands descend to his heirs at law, and his personal estate to his widow and next of kin, subject to the payment of debts, liens, and charges. Mortgages are not paid out of the personal estate, but the heir takes the land *cum onere*. (1 *Rev. Stat. p.* 749, § 4). The mortgagee, if the land be insufficient, can have recourse to the personalty for the deficiency, after he has exhausted his remedy against the land. On the other hand there are some general liens which are paid out of the personal estate, as judgments and taxes due at the intestate's death.

Where the intestate has contracted to purchase lands, his equitable interest (*Grosvenor* vs. *Allen*, 9 *Paige*, 75), passes on his decease to his heirs at law, (1 *Rev. Stat., p.* 754, § 27), and if there are monies still remaining due on the contract, the same question may arise, as in this case, whether they are to be paid by the heirs or the legal representatives. (*Johnson* vs. *Corbett*, 11 *Paige*, 273). In equity upon such a contract, the land which the decedent had contracted to buy would be considered as real estate belonging to the heirs at law, and as between them and the personal representatives, the balance due for the purchase money would be a charge upon the personal property of the decedent. (*Milner* vs. *Mills, Mosely*, 123. *Broome* vs. *Monck*, 10 *Vesey*, 597, 614, 615. *Whittaker* vs. *Whittaker*, 4 *Brown's C. C.* 31. 1 *Sugden, V. and P., p.* 180, 9*th ed.*)

In the present case, there can be no doubt that the br:ʼ ˮ

had a right of action against the administratrix, and although he had a lien upon the land, that did not impair his remedy. The executors and administrators are bound upon all contracts of the deceased, though not named in the contract. (*See Williams on Ex'rs., pp.* 1466–7.) Our statute has excepted from the operation of this rule of the common law, mortgages upon lands executed by the decedent, which are made a charge on the land in the first instance. This exception stands alone, and the principle not having been extended beyond the particular case, the rule of the common law still prevails in all other instances. The consequence is, that every agreement in respect to improvements to be made upon lands must be made good out of the personalty. I am therefore of opinion, that the entire amount paid on the contract entered into by the intestate, must be discharged by the administratrix.